# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8800 | **DATE** | 4/16/2003 |
| **CASE TITLE** | Canadian Pacific vs. Hayward | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's Motion to Dismiss All Claims is granted in part and denied in part. Plaintiff is directed to file an amended complaint adding National Steel Car, Ltd. as an indispensable party under Federal Rule of Civil Procedure 19. Defendant's motion is granted with respect to counts four and five. Counts four and five are dismissed without prejudice. It is denied with respect to count six. Plaintiff should file its amended complaint on or before 5/14/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | | number of notices: 3 | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | APR 17 2003 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | 23 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 4/16/2003 date mailed notice | |
| TH ✓ | courtroom deputy's initials | TH mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANADIAN PACIFIC RAILWAY COMPANY,<br>a Canadian Corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>WILLIAMS-HAYWARD PROTECTIVE<br>COATINGS, INC., an Illinois Corporation,<br><br>                Defendant. | No. 02 C 8800 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge

Defendant has moved to dismiss the case pursuant to Rule 12(b)(7) for failure to join an indispensable party under Rule 19. Defendant also seeks to dismiss count four pursuant to Rule 9(b) and counts four, five and six pursuant to Rule 12(b)(6) for failure to state a claim. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Canadian Pacific Railway Company ("CP Rail") is a Canadian corporation with its principal place of business in Alberta, Canada. Defendant Williams-Hayward is an Illinois corporation engaged in the business of manufacturing paint. In 2000, CP Rail began to solicit bids from rail car manufacturers to manufacture 1000 rail cars. CP Rail intended to use 625 of these rail cars to carry large rolls of paper used in the publishing of newspapers (hereinafter referred to as the "Paper Cars"). National Steel Car, Ltd. ("NSC"), a rail car manufacturer, responded to CP Rail's solicitation and eventually received the contract for the Paper Cars.

1

On August 4, 2000, NSC submitted a bid proposal specifying that the interior of the Paper Cars would be painted with a waterborne thermalbond coating manufactured by Williams-Hayward. On September 1, 2000, NSC identified the color and part number of the Williams-Hayward paint that was ultimately used to treat the interior of the Paper Cars. On September 7, 2000, CP Rail advised NSC that the Williams-Hayward paint identified by NSC was CP Rail's "paint preference." In December 2000, CP Rail awarded the Paper Car contract to NSC.

On June 21, 2001, CP Rail entered a purchase agreement with NSC for the manufacture and purchase of the Paper Cars. On approximately August 28, 2001, NSC identified a problem with the Williams-Hayward Thermalbond being applied to the interior of a sample car. Namely, NSC stated that paper fiber or particles from the paper being shipped were adhering to the paint surface on the interior walls. NSC thereafter informed both CP Rail and Defendant that the paint had failed the testing on the sample Paper Car. Defendant objected to the results of NSC's tests and asserted that the problems were with NSC's application of the paint. Defendant subsequently worked with NSC to remedy the problems with the Thermalbond paint. Nonetheless, Plaintiff alleges that stickiness problems persisted with the Williams-Hayward Thermalbond paint.

On December 7, 2001, CP Rail stopped accepting Paper Cars treated with Williams-Hayward Thermalbond. Plaintiff alleges that Defendant subsequently agreed to pay for the Papers Cars to be lined with cardboard to allow the Paper Cars to generate revenue. Plaintiff further alleges that Defendant later, for the first time, noted that the problems with the paint were accepted in the industry.

Plaintiff thereafter sued Williams-Hayward in a five count complaint based on diversity

jurisdiction. Plaintiff's complaint contains the following claims: breach of warranty, breach of implied warranty of fitness, breach of implied warrant of merchantability, fraud, unjust enrichment and promissory estoppel. Plaintiff did not sue NSC in any of the counts in its complaint. Defendant argues that NSC is an indispensable party and seeks to dismiss the action for Plaintiff's failure to join NSC.

## ANALYSIS

### A. Rule 12(b)(7) – Indispensable Party

Rule 12(b)(7) provides for dismissal of an action where there is a "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). In assessing a Rule 12(b)(7) motion to dismiss, the Court must apply a two step inquiry. *Thomas v. United States*, 189 F.3d 662, 666 (7th Cir. 1999). "First, the court must determine whether a party is one that should be joined if feasible . . . ." *Id.* This first step requires the court to analyze three factors: "(1) whether complete relief can be accorded among the parties to the lawsuit without joinder, (2) whether the absent person's ability to protect its interest in the subject-matter of the suit will be impaired, and (3) whether any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent person joins the suit." *Id.* (citing Fed. R. Civ. P. 19(a)). *See also Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001). "Only if the court concludes . . . that the party should be included in the action but it cannot be, must it go on to decide whether the litigation can proceed at all in the party's absence." *Thomas*, 189 F.3d at 666; Fed. R. Civ. P. 19(b). "If there is no way to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants, the unavailable party is regarded as 'indispensable' and the action is subject to dismissal . . . under Federal Rule of Civil

Procedure 12(b)(7)." *Id.*

Defendant argues that NSC is an indispensable party under Rule 19 because: (1) in NSC's absence, complete relief cannot be accorded among the parties and (2) NSC has an interest relating to the subject of this case and is so situated that the disposition of the case may (a) as a practical matter impair or impede its ability to protect that interest or (b) leave Defendant subject to a substantial risk of incurring inconsistent obligations. Defendant argues that it contracted with NSC to provide the paint for the Paper Cars in this case, not with Plaintiff. Williams-Hayward contends that it never had an express contract with Plaintiff regarding the Paper Cars, thus NSC is a necessary party. CP Rail, Defendant argues, is a third party beneficiary of the contractual relationship between NSC and Defendant.

In support of its motion, Defendant attaches the affidavit of Wayne E. Kurez (the "Kurez Affidavit"), an officer of Williams-Hayward. In deciding a case under Rule 12(b)(7), the Court may review materials submitted outside of the pleadings and consider extrinsic evidence. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 480 n.4. (7th Cir. 2001) (citations omitted). The Kurez Affidavit confirms that Williams-Hayward provided paint to NSC. Kurez states that Williams-Hayward provided the paint "in response to certain purchase orders it received from" NSC. (Kurez Affidavit ¶ 2.) Kurez is "informed and believe[s] that the paint supplied to [NSC] by Williams-Hayward . . . was used by [NSC} in the course of manufacturing certain box cars for" CP Rail. (*Id.* ¶ 3.) Kurez also noted that Williams-Hayward has not been paid for this paint. (*Id.* ¶ 4.)

Plaintiff counters that NSC is not indispensable because the complaint alleges that a direct contract existed between Plaintiff and Defendant. It also argues that Defendant has failed

4

to make the requisite showing that NSC is a necessary party to the litigation.

In viewing the allegations in the complaint as well as the affidavit of Kurtz, it appears that Plaintiff and NSC entered an agreement for the purchase of the Paper Cars and that Williams-Hayward was a subcontractor to NSC. Although Plaintiff alleges that "as of June 21, 2000, a valid contract existed between CP Rail and Williams-Hayward whereby Williams-Hayward expressly agreed to supply NSC with a high rubber thermalbond paint suitable for use on the interiors of the Paper Cars," Plaintiff also alleges that CP Rail awarded the Paper Cars contract to NSC and CP Rail requested that NSC use and treat Defendant as a "speciality vendor" for the purpose of supplying the paint treatment for the interior of the Paper Cars." (Compl. ¶ 12). Plaintiff also alleges that CP Rail notified NSC, not Defendant, of its paint preference. (*Id.* ¶ 10). CP Rail's purchase orders in the case were with NSC. (*Id.* ¶ 13). Under this set of allegations, it is clear that NSC is an indispensable party.

First, NSC is an indispensable party under Rule 19(a)(1). Based on the Kurez Affidavit and the allegations in the compliant, it is clear that NSC and Williams-Hayward entered a contract where Williams-Hayward agreed to supply NSC with the paint for the interior of the Paper Cars. (*See* Compl. ¶¶ 28, 34, 41.) The lawsuit certainly is going to involve some interpretation of the contract between NSC and Williams-Hayward. NSC is a central party to that contract. Furthermore, even Plaintiff alleges that Defendant contended that the problems pertaining to the paint arose from NSC's application of it. (*Id.* ¶ 17.) The absence of NSC in light of these allegations could deprive the parties of complete relief.

Second, NSC is an indispensable party under Rule 19(a)(2). Based on the allegations in the complaint, NSC has an interest in the subject of the action. Plaintiff alleges that NSC

identified a problem with the paint and subsequently informed Plaintiff and Defendant that the paint had failed the testing on the sample Paper Car. (*Id.* ¶ 17.) Defendant and NSC then worked together to remedy the problem. (*Id.* ¶ 19.) When the problem was not fixed, NSC stopped accepting Paper Cars treated with Williams-Hayward Thermalbond paint. (*Id* ¶ 20.)

NSC's absence also subjects Defendant to a substantial risk of incurring inconsistent or double obligations. NSC could subsequently sue Defendant based on the same contract at issue here, and NSC could be awarded damages for the same conduct. *Darush v. Northern Trust Co.*, 1996 WL 99903 at *1 (N.D. Ill. Feb. 29, 1996). Williams-Hayward would then be subject to inconsistent rulings on its damage obligations to both NSC and Plaintiff.

Accordingly, the Court finds NSC to be an indispensable party under Rule 19. Plaintiff has not set forth any reason why NSC cannot be joined in this lawsuit. Thus, rather than dismissing the case, the Court orders that CP Rail join NSC as an indispensable party to the case pursuant to Rule 19.

## B.   Count Four – Fraud

Defendant argues that the Court should dismiss count four for failure to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Defendant argues that Plaintiff merely alleges that Williams Hayward "misrepresented material facts to CP Rail" without providing any of the specifics of the misrepresentations. Defendant further argues that the alleged misrepresentations are not actionable because they were merely statements of opinion.

Federal Rule of Civil Procedure 9(b) requires that a plaintiff plead "the circumstances constituting fraud . . . with particularity." *In re HealthCare Compare Corp. Sec. Litig.*, 75 F.3d

276, 281 (7th Cir. 1996). As the Seventh Circuit has explained, "this means the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). The particularity mandate requires "the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).

Plaintiff has failed to meet its burden under Rule 9(b). Plaintiff alleges that the fraud occurred "[f]rom July 2000 to January 2002, Williams-Hayward, by and through its agents Nicholson, Black and Kurez (among others), by [Defendant] stating that the high rubber thermalbond paint would be suitable for application to the interior of box cars designed and intended to haul rolled paper products." (Compl. ¶ 47.) This statement is deficient in that it does not identify who said what to whom. It further does not particularize when such statements were made or where they allegedly took place. Accordingly, Plaintiff does not meet the requirements of Rule 9(b).

Plaintiff argues that it has alleged statements made by specific individuals from Defendant in paragraphs 7, 8, 10 and 15 through 18 of the Complaint, and that such allegations meet the Rule 9(b) requirements. As Defendant notes, however, Plaintiff fails to allege that any of these statements were false or known to be false when made. Accordingly, they cannot serve as the basis of a false misrepresentation.[1]

C.  **Count Five --Unjust Enrichment**

A claim for unjust enrichment is based upon an implied, rather than a specific, contract.

---

[1] The Court need not address Defendant's argument that the statements are not actionable.

Where a specific contract governs the relationship of the parties, "the doctrine of unjust enrichment has no application." *People ex rel. Hartigan v. E & E Hauling, Inc.*, 607 N.E.2d 165, 177 (Ill. 1992) (citations and quotations omitted). Defendant contends that the Court should dismiss Plaintiff's claim for unjust enrichment in count five because an unjust enrichment claim cannot coexist when a contract governs the parties relations.[2] Plaintiff argues that it is pleading unjust enrichment in the alternative to its claim that a contract existed between the parties.

The Complaint does not comport, however, with Plaintiff's alternative pleading theory argument. In count five, CP Rail incorporates by reference all of the allegations in paragraphs one through fifty-one of the complaint. In paragraph 28, CP Rail expressly alleges that a valid contract existed between it and Williams-Hayward. Accordingly, this express contract allegation is incorporated into Plaintiff's unjust enrichment claims. While Plaintiff is entitled under Federal Rule of Civil Procedure 8(e)(2) to plead the alternative claims of breach of contract and unjust enrichment despite the inconsistency between those claims, Plaintiff's unjust enrichment claim must not include allegations of a specific contract governing the parties relationship. *See Vanguard Fin. Serv. Corp. v. R W Prof'l Leasing Servs. Corp.*, No. 98 C 1741, 1998 WL 774984, at *4 (N.D. Ill. Oct 27, 1998). Accordingly, count five is dismissed without prejudice.

### D. Count Six – Promissory Estoppel

Defendant seeks to dismiss count six under Rule 12(b)(6) on the basis that Plaintiff has failed to state a claim for promissory estoppel. In order to state a claim for promissory estoppel in Illinois, Plaintiff must plead the following elements: "(1) an unambiguous promise; (2)

---

[2] Defendant also argues that CP Rail has failed to sufficiently plead unjust enrichment. The Court need not address this argument as it is dismissing count five.

8

reasonable and justifiable reliance by the party to whom the promise was made; (3) the reliance was expected and foreseeable by the promisor; and (4) the promisee relied upon the promise to his or her detriment." *Fischer v. First Chicago Capital Markets, Inc.*, 195 F.3d 279, 283 (7th Cir. 1999), citing *A-Abart Elec. Supply, Inc. v. Emerson Elec. Co.*, 956 F.2d 1399, 1404 (7th Cir. 1992).

CP Rail alleges that Defendant "unambiguously promised to CP Rail that (among other things) the Williams-Hayward Thermalbond was suitable for CP Rail's intended purpose, that any problems associated with the paint sticking to paper were problems with application techniques, and/or that such problems could be remedied." (Compl. ¶ 57.) Plaintiff further alleges that it reasonably relied on these promises, that Defendant expected and could foresee that Plaintiff would do so and that such reliance was detrimental. (*Id.* ¶¶ 58-60.) CP Rail states that it has been injured as a result of this detrimental reliance. (*Id.* ¶61.)

Defendant argues for dismissal on the basis that Plaintiff has not alleged an unambiguous promise. In viewing the complaint in the light most favorable to Plaintiff and in applying the notice pleading requirements of Federal Rule of Civil Procedure 8, Plaintiff's allegations satisfy its burden.

## CONCLUSION

Defendant's motion is granted in part and denied in part. Plaintiff is directed to file an amended complaint adding NSC as an indispensable party under Rule 19. Defendant's motion is granted with respect to counts four and five which are dismissed without prejudice. Defendant's motion is denied with respect to count six.

Dated: April 16, 2003          ENTERED

                               _____
                               AMY J. ST. EVE
                               United States District Court Judge