# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8800 | **DATE** | 01/02/2004 |
| **CASE TITLE** | Canadian Pacific Railway vs. National Steel Car | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. National Steel Car's Motion to Dismiss is denied. National Steel Car's Motion for Protective order is Denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 0 5 2004 | |
| | Notified counsel by telephone. | | date docketed | 64 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| TH✓ | courtroom deputy's initials | '04 JAN -3 AM 3:21 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CANADIAN PACIFIC RAILWAY COMPANY, a Canadian Corporation, | ) ) ) | |
| Plaintiff, Counter-Defendant, | ) ) ) | |
| and | ) ) ) | |
| NATIONAL STEEL CAR, LIMITED, a Canadian Corporation, | ) ) ) ) | No. 02 C 8800 |
| Plaintiff, Counter-Defendant, | ) ) ) | |
| v. | ) ) ) | |
| WILLIAMS-HAYWARD PROTECTIVE COATINGS, INC., an Illinois Corporation, | ) ) ) ) | |
| Defendant, Counter-Plaintiff. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

National Steel Car, Limited ("NSC") has moved to dismiss Counts I and II of the counterclaim asserted against it by Defendant Williams-Hayward Protective Coatings, Inc. ("W-H") pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. NSC also seeks its dismissal from this action pursuant to Rule 21 and a protective order restricting discovery. For the reasons set forth below, Defendant's motion to dismiss is denied. NSC's motion for protective order is also denied.

### BACKGROUND

Much of the relevant background of this case has been described by the Court in its

1



previous opinion on W-H's motion to dismiss. (R. 23-1, Mem. Op. and Order.) Briefly, then, Plaintiff Canadian Pacific Railway Company ("CP Rail") is a Canadian corporation with its principal place of business in Alberta, Canada. Defendant W-H is an Illinois corporation engaged in the business of manufacturing paint. NSC is a Canadian rail car manufacturer who contracted with CP Rail to provide railway cars for the transportation of paper.

During the manufacture of the railway cars under this contract, problems arose concerning the quality of the paint provided by W-H and applied by NSC. Eventually, CP Rail stopped accepting cars that had been treated with W-H's paint. Plaintiff thereafter sued W-H in a five-count complaint based on diversity jurisdiction. Plaintiff's original complaint contains the following claims: breach of warranty, breach of implied warranty of fitness, breach of implied warranty of merchantability, fraud, unjust enrichment and promissory estoppel. Plaintiff did not sue NSC in any of the counts in its complaint.

On April 16, 2003, ruling on a motion to dismiss under Rule 12(b)(7), the Court found that NSC was an indispensable party to the action between CP Rail and W-H. (R. 23-1, Mem. Op. and Order p. 5.) Accordingly, the Court ordered that CP Rail join NSC as an indispensable party to the case pursuant to Rule 19. On May 28, 2003, CP Rail filed an amended complaint, naming NSC as an "involuntary plaintiff" under Rule 19. (R. 27-1, Am. Compl. ¶ 2.) CPR did not serve NSC with a summons in connection with the Court's order. On August 25, 2003, W-H filed counterclaims against CP Rail and NSC. (R. 42-1, Def.'s Answer p. 14-17.) Having obtained leave of the Court, W-H served NSC on August 27, 2003, giving notice of CP Rail's amended complaint and W-H's counterclaims. Among the three counterclaims filed by CP Rail are two claims solely against NSC for breach of contract and for contribution and indemnity.

(*Id.*) NSC now moves to dismiss these counterclaims and to completely remove itself from this case.

## ANALYSIS

In its April 16 opinion, the Court applied the two-step inquiry set forth in *Thomas v. United States*, 189 F.3d 662, 666 (7th Cir. 1999), and found that "it is clear that NSC is an indispensable party." (R. 23-1, Mem. Op. and Order p. 5.) As a result, the Court ordered that CP Rail join NSC as a party indispensable to the suit. (*Id.* at 6.) NSC now claims that its joinder to this suit was improper and that the counterclaims asserted against it "are not proper against an involuntary plaintiff and thus fail to state a claim upon which relief can be granted." (NSC's Mot. to Dismiss p. 1.)

### A. Joinder of NSC

NSC points out that Rule 19(a) provides that a person may be joined as an involuntary plaintiff in a "proper case." FED. R. CIV. P. 19(a). NSC then argues that a proper case occurs only when the party sought to be joined "has a duty to allow the plaintiff to use his name" such as the duty of patent or copyright owner to its exclusive licensee. *Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 962 (5th Cir. 1973). Because no such duty exists between NSC and CP Rail, NSC argues, this is not a proper case for joinder of NSC as an involuntary plaintiff. NSC has not, however, raised any compelling arguments to cause the Court to reconsider its earlier opinion that NSC is an indispensable party to this case.

In response, W-H points out that the "involuntary plaintiff" moniker applied by CP Rail is a specialized subset of Rule 19 involuntary parties. W-H argues that NSC should have been joined as a defendant under Rule 19, and then realigned as a plaintiff in order to determine

3

subject matter jurisdiction. The Court agrees. "To add a recalcitrant nonparty subject to the court's jurisdiction, the absent party should be served with process and made a defendant. The new party should then be realigned as a plaintiff, assuming it has the same interest in the dispute as the original plaintiff." *Promatek Indus., Ltd. v. Equitrac Corp.*, 185 F.R.D. 520 (N.D. Ill. 1999) (ultimately finding joinder inappropriate under Rule 19(a)(2) because the potential party did not "claim an interest" in the action); *see also Eikel* 473 F.2d at 962 ("[A]bsent the 'proper case' exception, where there is an obligation to join as a plaintiff, the preferred method is to designate and serve involuntary parties as defendants, regardless of their appropriate interest alignment."). The Court has already found that NSC is an indispensable party to this action, under both 19(a)(1) and 19(a)(2). Further, W-H effected service upon NSC and NSC has not objected to that service. Because the Court ordered that NSC be joined in this action, and because NSC has been served with the amended complaint and counterclaims, the only question that remains is whether the Court may properly realign NSC as a plaintiff, thereby preserving diversity jurisdiction.[1]

## B. Diversity Jurisdiction

To determine whether or not diversity jurisdiction exists, a court must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Fidelity and Deposit Co. of Md. v. Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) (quoting *City of Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 180, 25 S. Ct. 420, 421 (1905)). "Realignment is proper when the court finds that no actual, substantial controversy

---

[1] Both NSC and CP Rail are Canadian corporations. NSC contends that if NSC is deemed to be a defendant for the purposes of determining diversity jurisdiction, complete diversity would be destroyed.

4

exists between parties on one side of the dispute and their named opponents . . . ." *Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981).

NSC pointed to the *Eikel* case to show the narrow application of the term of art, "involuntary plaintiff." That case also contains an analysis of when realignment of an indispensable party is appropriate. The *Eikel* court pointed out that "[t]he appropriate inquiry therefore is not whether [the third party] should be joined as an 'involuntary plaintiff' under Rule 19(a), rather the issue is on which side of the lawsuit should [he] be properly aligned once joined." *Eikel* 473 F.2d at 963. The third party in the *Eikel* case was the law partner of the plaintiffs, who were suing a client for unpaid fees. Viewing the case as it appeared in the original pleadings — as a claim for fees by a law firm against a client — the court held that the law partner must be aligned with the plaintiffs for purposes of jurisdiction. *Id.* at 964.

In this case, NSC should be considered a plaintiff for purposes of jurisdiction. As viewed in the original pleadings — and throughout this action — this case is between a purchaser of rail cars and a paint vendor. The purchaser asserted various claims in connection with alleged shortcomings of Defendant's paint product. CP Rail has not asserted that NSC is responsible for any of the paint's alleged shortcomings. W-H, on the other hand, contends that NSC's application of the paint resulted in the paint's deficient performance. An actual controversy exists between NSC and W-H, not between NSC and CP Rail. NSC is therefore properly aligned opposite to W-H. Because NSC is a Canadian corporation and W-H is an Illinois Corporation, NSC's joinder has no effect on the Court's exercise of diversity jurisdiction.

C.  **Counterclaims**

NSC objects to W-H's counterclaims on the basis that they do not state a claim upon

which relief can be granted merely because W-H brought them against an involuntary plaintiff. Asserting that Rule 19 was not intended to subject reluctant parties to such claims, NSC asks the Court to dismiss the counterclaims. NSC cites *Rosen v. Rex Amusement Co.*, 14 F.R.D. 75, 76-77 (D.C. 1952), for the proposition that Rule 19(a) was "never intended to enable the bringing in of parties who are not subject to the jurisdiction of this Court for adversary action against them." NSC stops short, however, of explicitly arguing that the Court may not assert personal jurisdiction over NSC. Rather, NSC merely argues that counterclaims are inappropriate because NSC's should not be an involuntary plaintiff in this action.

As the Court has held, NSC is an indispensable party to this action. When W-H served NSC with the amended complaint and counterclaims, NSC was properly joined under Rule 19. NSC has not presented a compelling reason for the Court to believe that such service was not effective to complete joinder or that it renders NSC immune to W-H's counterclaims. Accordingly, NSC's motion to dismiss W-H's counterclaims is denied.

### D.    Protective Order

NSC moved the Court for a protective order to allow it to avoid answering discovery or, in the alternative, to toll discovery until the Court ruled on NSC's motion to dismiss. The Court previously tolled discovery as to NSC until this ruling. Again, the thrust of NSC's argument is that it has been improperly joined in this action, and should not be subject to the parties' discovery requests. As discussed above, NSC is a properly joined party to this action. As such, NSC must comply with the Federal Rules of Civil Procedure, including those requiring it to provide the parties with discovery responses. NSC's motion for a protective order is denied.

## CONCLUSION

NSC's motion to dismiss is denied. NSC's motion for protective order is denied.

Dated: December 31, 2003

ENTERED

*(signature)*

AMY J. ST. EVE
United States District Court Judge

## CONCLUSION

NSC's motion to dismiss is denied. NSC's motion for protective order is denied.

Dated: January 2, 2004

ENTERED

*[signature]*

AMY J. ST. EVE
United States District Court Judge