# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8800 | **DATE** | 11/30/2004 |
| **CASE TITLE** | Canadian Pacific vs. Williams-Hayward Protective Coating | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Counter-Defendant National Steel Car Limited's motion for leave to file its Second Amended Answer and Counterclaims is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 0 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 195 |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| TH✓ | courtroom deputy's initials | 2004 NOV 30 PM 4: 22 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CANADIAN PACIFIC RAILWAY COMPANY, )
a Canadian Corporation, )
)
       Plaintiff, Counter-Defendant, )
) No. 02 C 8800
NATIONAL STEEL CAR, LIMITED, )
a Canadian Corporation, )
)
       Involuntary Plaintiff, )
       Counter-Defendant )
v. )
)
WILLIAMS-HAYWARD PROTECTIVE )
COATINGS, INC., an Illinois Corporation, )
)
       Defendant, Counter-Plaintiff. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge

Before the Court is involuntary Plaintiff, Counter-Defendant National Steel Car Limited's ("NSC") motion seeking leave to file its Second Amended Answer and Counterclaims pursuant to Federal Rule of Civil Procedure 15(a). For the following reasons, the Court grants NSC's motion.

## I. BACKGROUND

This case involves the application of Defendant, Counter-Plaintiff Williams-Hayward Protective Coatings, Inc.'s ("Williams-Hayward") paint on NSC's rail cars and allegations that the paint improperly adhered to the interior walls of the rail cars. On September 29, 2004, the Court dismissed Count VII in NSC's First Amended Counterclaim without prejudice because NSC's fraudulent misrepresentation and concealment allegations were insufficient to state a

claim under Federal Rule of Civil Procedure 9(b). In the present motion, NSC asserts that it has cured the deficiencies that were in its First Amended Counterclaim. The Court agrees.

## II.    RELEVANT STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In making its determination, the Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff. *Jet, Inc. v. Shell Oil Co.*, 381 F.3d 627, 629 (7th Cir. 2004).

Federal Rule of Civil Procedure 9(b) requires Plaintiffs to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 468 (7th Cir. 1999). To satisfy the Rule 9(b) requirement, a plaintiff must plead "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (citations omitted). In other words, Rule 9(b) requires the identification of "the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

2

## III. ANALYSIS

### A. Allegations in Count VII

When dismissing Count VII, the Court concluded that NSC had not identified the who, what, when, where, and how of the fraudulent misrepresentations that Williams-Hayward allegedly made. *See Uni\*Quality*, 974 F.2d at 923. NSC cures this deficiency by alleging that on September 5, 2001, at 4:18 p.m., Wayne Kurcz, a paint chemist and Williams-Hayward's Vice President and Director of Technical Services, provided a letter of assurance via email to Todd Pafford of NSC stating that if the paint was applied and dried properly, the paint systems have and will cause no problems for NSC. (R 165-1, Second Amend. Counterclaims, ¶ 69.) NSC also alleges that Kurcz stated that they "can be confident that using the products will in the long run reduce concerns rather than create them." (*Id.*) Further, NSC alleges that on December 18, 2001, at 5:50 p.m., Kurcz sent another email to Pafford at NSC stating that the "system given to the CP [Canadian Pacific Rail] and applied by you is a time tested excellent product with a long pedigree. The product will do the job it was intended to do and give the customer the extra chemical resistance they need in the pulp services." (*Id.* at ¶ 74.) NSC alleges that these statements were false when Kurcz made them and that Kurcz knew them to be false when he made them. (*Id.* at ¶¶ 70, 75.)

Williams-Hayward does not argue that NSC has failed to sufficiently allege the who, what, when, where, and how of the fraudulent misrepresentations. Instead, Williams-Hayward argues that because Kurcz's statements were promises of future performance based on his opinion, not statements of fact, NSC's fraudulent mispresentation claim must fail. *See People ex rel. Peters v. Murphy-Knight*, 248 App.3d 382, 387, 187 Ill. Dec. 868, 618 N.E.2d 459

(Ill.App.Ct. 1993) (alleged misrepresentation must be one of fact, not opinion). Whether a statement is one of fact or opinion depends on the circumstances of a case. *Prime Leasing, Inc. v. Kendig,* 332 Ill.App.3d 300, 309, 265 Ill.Dec. 722, 773 N.E.2d 84 (Ill.App.Ct. 2002). "A statement that, standing alone, appears to be a statement of opinion, nevertheless may be a statement of fact when considered in context. Courts focus on the circumstances surrounding the representation to determine whether the plaintiff may have justifiably relied on the opinion as though it were a statement of fact." *West v. Western Cas. & Sur. Co.,* 846 F.2d 387, 393 (7th Cir. 1988). When a speaker "holds himself out or is understood as having special knowledge of the matter which is not available to the plaintiff," the speaker's "opinion becomes in effect an assertion summarizing his knowledge." *Id.* (citing *Duhl v. Nash Realty, Inc.,* 102 Ill.App.3d 483, 489, 57 Ill.Dec. 904, 429 N.E.2d 1267, 1272 (Ill.App. Ct. 1981)). "Thus, the general rule is that it is not 'the form of the statement which is important and controlling, but the sense in which it is reasonably understood.'" *West,* 846 F.2d at 394 (quoting Prosser & Keeton on Torts § 109, at 755 (W. Keeton 5th ed. 1984)).

Here, NSC contends that Kurcz's statements are based on his 30 years of experience in developing water based products for the rail and chemical industry and factual data that he has relied upon over the years. NSC thus asserts that Kurcz was holding himself and his company out as having a specialized knowledge about paint systems in the railroad industry. Therefore, according to NSC, Kurcz's statements were a summary of his knowledge and not just his opinion. Assuming the truth of the facts alleged in Count VII, construing the allegations liberally, and viewing them in the light most favorable to NSC, the Court agrees. NSC alleges that Kurcz, a paint chemist and Williams-Hayward's Vice President and Director of Technical

Services, stated that Williams-Hayward's high rubber Thermalbond paint, if properly applied, would pose no problems for the transport of the paper rolls. (Second Amend. Counterclaims, ¶¶ 65, 69.) Kurcz's occasional use of the future tense, *e.g.*, that the paint systems *will* pose no problems, does not convert his statement into an opinion. Examining the email as a whole, Kurcz was summarizing his knowledge of the paint systems based on his background and expertise. (Def.'s Amend. Response, R. 185-1, Ex. A.) In any event, Kurcz also used the present and past tense in his email when he made the paint system recommendations. (*Id.*; Second Amend. Counterclaims at ¶ 69.) As such, Williams-Hayward's argument that Kurcz's statements only relate to future events, rather than pre-existing or present facts, is without merit.

Next, Williams-Hayward contends that NSC has not sufficiently alleged that it relied upon Williams-Hayward's statements and concealment of facts. *See Hillman v. Resolution Trust Corp.*, 66 F.3d 141, 144 (7th Cir. 1995). Williams-Hayward does not argue why NSC's allegations are insufficient under Rules 12(b)(6) or 9(b), but suggests that NSC's allegations are untrue. At this procedural posture, however, whether NSC allegations are true is not at issue. *See Jet, Inc.*, 381 F.3d at 629 (court must accept all well-pleaded facts as true). What is at issue is whether NSC sufficiently alleges that it relied on Williams-Hayward's statements, which it has done. Therefore, Williams-Hayward's attempt to discredit NSC's allegations based on their truthfulness cannot support its claim that NSC failed to sufficiently plead Count VII.

Williams-Hayward further argues that whether or not it made statements to or concealed facts from NSC is immaterial because NSC was contractually obligated to apply the Thermalbond to the interior of the paper cars as directed by Canadian Pacific Rail. Williams-Hayward does not support or develop this argument with any legal authority or analysis and it is

5

not the Court's role to construct Williams-Hayward's arguments for it. *See Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996). Accordingly, the Court concludes that Williams-Hayward's assertion that it cannot be held accountable for its actions because NSC was contractually obligated to apply the paint does not support its argument.

Finally, Williams-Hayward contends that NSC has misstated the relevant email in question – the September 5, 2001, email from Kurcz to Pafford – because NSC alleges that the email was a letter of assurance. In essence, Williams-Hayward is asking the Court to draw all reasonable inferences in its favor when examining the email and come to the conclusion that the email was not a letter of assurance. At this juncture, the Court must do the opposite, namely, to accept all well-pleaded facts alleged in the counterclaim as true and draw all reasonable inferences in NSC's favor. *See Yasak v. Retirement Bd. of the Policemen's Annuity Fund*, 357 F.3d 677, 678 (7th Cir. 2004). Therefore, the Court will not interpret the email as Williams-Hayward suggests.

### B. Leave to Amend

Next, Williams-Hayward contends that NSC's proposed amendment to its counterclaim is untimely and prejudicial. Rule 15(a) provides that a court should freely grant a party leave to amend pleadings "when justice so requires." *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 759 (7th Cir. 2002). "It is well within the province of the district court to deny leave to amend if, among other things, there is undue delay or undue prejudice would result to the opposing party if the amendment were allowed." *Id.*

Williams-Hayward claims that it was prejudiced because NSC was not diligent in seeking to amend its fraud claim. Williams-Hayward argues that NSC was aware that it planned to

6

conduct more than a dozen depositions of fact witnesses in the second half of October 2004, and therefore, NSC should have been more diligent in seeking to amend its fraud claim. On the other hand, NSC contends that the majority of the amended allegations in Count VII concern actions taken by Williams-Hayward's representatives, and therefore, Williams-Hayward will not need additional discovery to understand and verify the allegations. NSC further contends that the proposed Count VII fleshes out the details of Count VII in the First Amended Counterclaim, which put Williams-Hayward on notice of the fraud claim months ago. As NSC correctly asserts, the amended count contains more details of Kurcz's email communications to NSC and includes specific allegations of Williams-Hayward's representatives' actions and conduct. These facts are either in Williams-Hayward's control or are easily verified by Williams-Hayward's representatives.

Williams-Hayward fails to support that it will suffer prejudice because it has not had the opportunity to depose Rule 30(b)(6) witness Alistair Wilson. In Williams-Hayward's notice of deposition, it requested that NSC provide a person to testify on NSC's reliance as to Count VII. (R.188-1, NSC's Reply Brief, Ex. A) NSC identified Wilson as a representative who could testify to this matter. Williams-Hayward had three days to depose Wilson if they desired. Apparently, Williams-Hayward failed to do so. As such, Williams-Hayward's claim that NSC somehow has deprived it from an opportunity to depose Wilson is not supported by the record.

Further, Williams-Hayward's argument that NSC was not diligent in filing its Second Amended Counterclaim because it took NSC approximately a month to file the amendment after the Court dismissed Count VII, fails to consider the present motion within the context of this lawsuit. Williams-Hayward itself moved for extensions of time and waited two months to file its

motion to dismiss NSC's First Amended Counterclaim. (*See* R.15-1; R.107-1.) Nevertheless, as a general rule, delay is an insufficient basis for denying a motion to amend unless the delay results in undue prejudice to the defendant, which, as discussed, Williams-Hayward has failed to establish. *See King v. Cooke,* 26 F.3d 720, 723 (7th Cir. 1994).

### C. Federal Rule of Civil Procedure 10(b)

Finally, Williams-Hayward argues that Count VII, which alleges "Fraudulent Mispresentation and Concealment," is in violation of Federal Rule of Civil Procedure 10(b) because NSC seeks to bring a hybrid claim of fraud and fraudulent concealment. Federal Rule of Procedure 10(b) states in pertinent part that "each claim founded upon a separate transaction or occurrence ... shall be stated in a separate count or defense whenever separation facilitates the clear presentation of the matters set forth." *See* Fed.R.Civ.P. 10(b). "The overriding consideration, however, is whether separate statements by counts will facilitate the clear presentation of the matters." *Plummer v. Chicago Journeyman Plumbers' Local Union,* 452 F.Supp. 1127, 1144 (N.D.Ill. 1978), *rev'd on other grounds,* 657 F.2d 890 (7th Cir. 1981).

Here, NSC's claims of fraud and fraudulent concealment are based on the same set of facts and communications. NSC clearly presents the relevant matters putting Williams-Hayward on notice of the fraudulent mispresentation and concealment matters, and thus separate counts are not necessary to facilitate the presentation of this claim. The Court, in its discretion, concludes that NSC is not required to re-plead Count VII as Williams-Hayward contends. *See Three D Departments, Inc. v. K-Mart Corp.,* 670 F.Supp. 1404, 1409 (N.D.Ill. 1987).

## CONCLUSION

For these reasons, the Court grants NSC's Motion Seeking Leave to File its Second Amended Answer and Counterclaims.

Dated: November 30, 2004.                    **ENTERED**

_____
**AMY J. ST. EVE
United States District Judge**